FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 1 8 2012 ★

BROOKLYN OFFICE

C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- X

ISIDRO RUIZ,

                    Petitioner,

       - against -

MONICA RECKTENWALD,

                  Respondent.

------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

12 Civ. 3955 (BMC)

**COGAN**, District Judge.

In this proceeding brought pursuant to 28 U.S.C. § 2254, petitioner challenges his conviction on June 18, 1987 for Criminal Possession of a Weapon in the Second Degree (the "1987 conviction"). Petitioner's sentence of 1 ½ to 4 ½ years for that crime has long been discharged. However, petitioner is currently in federal custody as a result of a conviction by a jury for various drug, gun and violence charges in the Southern District of New York. For those crimes, Judge Kaplan sentenced him to, and he is serving, an aggregate of 420 months pursuant to a judgment entered October 20, 2005 (the "2005 conviction"). See U.S. v. Vallejo et al., No. 03-cr-1315 (LAK) (S.D.N.Y. Oct. 20, 2005) (dkt entry 113). In addition, between the 1987 conviction that is the subject of this habeas corpus petition and the 2005 conviction, petitioner pled guilty in 1990 to another state court indictment for Attempted Murder in the Second Degree. He was sentenced on that charge on January 7, 1991, as a second violent felony offender, to 9 to 18 years (the "1991 conviction"). The math demonstrates the likelihood that this sentence has also been discharged.

Prior to commencing the instant habeas corpus proceeding, petitioner commenced a proceeding on January 21, 2011 in state court pursuant to New York Criminal Procedure Law §440.10 to challenge the 1987 conviction. His motion there was denied by Decision and Order dated July 15, 2011, and the Appellate Division denied leave to appeal on February 16, 2012. Petitioner applied for further review from the New York Court of Appeals, which denied his application on April 6, 2012. The sole claim he raised in his §440 proceeding, and reasserts here, is ineffective assistance of counsel as to one aspect of his 1987 guilty plea.

At first blush, it might appear that petitioner is arguing that his counsel in 1987 failed to advise him of the deportation consequences of his plea, as later required by Padilla v. Kentucky, 130 S. Ct. 1473 (2010), and that Padilla should be applied retroactively to invalidate his plea. However, that is not his claim. Instead, he is asserting that his counsel failed to advise him that by pleading guilty, the 1987 conviction could be used to enhance his sentence if he was subsequently convicted of other crimes. Although petitioner has submitted no sworn evidence of the advice he received from counsel back in 1987, his brief suggests that not only did his counsel fail to advise him of the "enhancement consequences" of his 1987 conviction, but counsel actually affirmatively misadvised him that there would be no such consequences. (We will put aside the incredulity of that assertion.) Petitioner's reference to Padilla is merely an analogy; he assumes Padilla's retroactivity and consequent effect on the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1) ("AEDPA"), and he contends that, like the bad advice Padilla allegedly received, the bad advice petitioner received somehow also saves his claim from the one year statute of limitations.

Petitioner's claim is time-barred. Whether or not Padilla is retroactive (a claim that the Supreme Court is currently considering, see Chaidez v. United States, 655 F.3d 684 (7th Cir.

2011), cert. granted, 132 S. Ct. 2101 (2012)) has no impact on petitioner's claim here. It has long been the law, well prior to Padilla, that inadequate advice of counsel in connection with a guilty plea can support habeas corpus relief. See e.g. McMann v. Richardson, 397 U.S. 759, 90 S. Ct. 1441 (1970). That is the very foundation upon which Padilla was based. Padilla represents merely one particular factual scenario as to what subjects a defense lawyer must advise his client, namely, the deportation consequences of a criminal conviction. Petitioner admits that his 1987 conviction did not involve deportation but argues that while prior to Padilla, only "affirmative misrepresentations" about deportation consequences could support an ineffective assistance of counsel claim (citing United States v. Couto, 311 F.3d 179 (2d Cir. 2002), Padilla eliminated the distinction between affirmative misrepresentations and omissions. This argument is a non-sequitur in light of the fact that petitioner argues that his counsel "affirmatively misadvised" him that his 1987 conviction would not have any other consequences. There was thus nothing preventing petitioner from raising his inadequate assistance claim at a much earlier time than this if he wanted to challenge his 1987 conviction.

Because petitioner's conviction became final prior to the enactment of AEDPA, he had one year from the date of its enactment to challenge his 1987 conviction. See Ross v. Artuz, 150 F.3d 97 (2d Cir. 1998). Petitioner did not file his petition within that grace period, which ended on April 24, 1997. This Court has given him the opportunity to demonstrate any grounds for equitable tolling, and the only ground that petitioner has offered is his assumption of Padilla's retroactivity, which, as noted, is inapposite here.

In addition, as the §440 court pointed out in denying petitioner's collateral attack on his 1987 conviction, petitioner knew at least as early as 1991 that his 1987 conviction had been used to enhance his sentence for subsequent crimes. When he pled guilty in 1991, he expressly

3

acknowledged his prior 1987 conviction on the record and was advised by the court that it made him a second violent felony offender subject to enhanced sentencing under New York law – an enhanced sentence that he then received. In addition, although it is not in the record before me, there can be little doubt that in connection with his 2005 conviction, his 1987 conviction was disclosed to Judge Kaplan, either as a factor under the Sentencing Guidelines or as an aggravating factor under 18 U.S.C. § 3553. He was thus reminded again in 2005 that the 1987 conviction was and would continue to have the consequences that he now asserts his attorney told him in 1987 it would not have. Yet he took no action to challenge his 1987 conviction until he filed the §440 motion in 2011.

Petitioner's claim is therefore clearly time-barred and there are no grounds for equitable tolling. The petition is denied and the case is dismissed. The Clerk is directed to enter judgment against petitioner. A certificate of appealability shall not issue. See 28 U.S.C. § 2253(c). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
       October 17, 2012

4